ISAAC HAMPTON, APPELLANT, *v.* CLARK J BOYLAN
AND OTHERS, RESPONDENTS.

*Constable — duty of, as to making a return of an execution, when the justice issuing*
*it leaves the county before the expiration of the time to make it — Code of Civil Pro-*
*cedure, secs. 3144, 3146 — the plaintiff is bound by instructions given by his attorney*
*to the constable — the admission of the testimony of the attorney as to his employment*
*does not violate section 835 of the Code of Civil Procedure.*

The plaintiff having recovered a judgment against one Mundy, before a justice of
the peace, an execution was issued thereon to the defendant Boylan, a constable.
Before the return day of the execution the justice filed his docket with the town
clerk, together with the certificate required by section 3144 of the Code of Civil
Procedure, and removed from the county. Within sixty-five days from the day
the execution was issued, the constable duly made his return upon the execution
and filed the same with the town clerk.

This action was brought by the plaintiff against the constable, and the sureties
upon his bond, to recover the amount of the execution upon the ground that
the constable had failed to return the execution to the justice within the time
prescribed by law.

*Held,* that as the justice had, by removing from the county, surrendered his office
the town clerk became entitled, under the provisions of sections 3144 and 3146
of the Code of Civil Procedure, to demand and receive the execution as one of
the papers in the custody of the justice relating to an action which had been
heard by him.

The execution was in the usual form against the property of the judgment debtor,
and in case sufficient property could not be found it commanded the arrest of
the judgment debtor and his confinement in the county jail until the judgment
was paid or he was discharged according to law. The failure of the constable
to arrest the debtor was alleged as one of the grounds for bringing this action.
Upon the trial it appeared that the action was for a breach of contract, and the
justice testified that he issued the body execution through mistake. It also
appeared that the defendant Boylan was advised by Mr. Windsor, the attorney
who tried the case for the plaintiff and procured the execution to be issued, not
to arrest the defendant upon it, and that he had better hold it and do nothing
further under it.

*Held,* that the plaintiff was estopped by the acts of his attorney, and that the constable
was not responsible to him for doing that which his attorney requested him to do.

That the admission of the testimony of Windsor as to his employment by the
plaintiff was not a violation of the provisions of section 835 of the Code of Civil
Procedure, preventing an attorney from disclosing communications made to him
by his client.

APPEAL from a judgment in favor of the defendants entered upon a verdict at the Allegany Circuit, and from an order denying a motion for a new trial made upon the minutes of the court.

*J. M. McNair,* for the appellant.

*William C. Windsor,* for the respondents.

HAIGHT, J. :

On or about the 17th day of June, 1881, the plaintiff recovered a judgment against one Michael G. Mundy, before B. C. ROUP, a justice of the peace. Thereupon an execution was issued upon the judgment and delivered to the defendant Boylan, who was an acting constable of that town. The execution was in the usual form, against the property of the judgment debtor ; and in case sufficient property could not be found, it commanded the arrest of the judgment debtor and his conveyance to the jail of the county, there to remain until he paid the judgment or was discharged according to law.

This action was brought against the defendant Boylan as constable, and the other defendants as his sureties upon the bond given by him as such officer, to recover the amount of the execution upon the ground that he failed to return the same to the justice within the time prescribed by law, and that he also failed to arrest the judgment debtor as he was therein commanded to do. Upon the trial it appeared that the action was upon a breach of contract, and the justice testified that he issued the body execution through mistake ; that the defendant Boylan was advised by Mr. Windsor, the attorney who tried the case for the plaintiff before the magistrate, and who procured the execution to be issued, not to arrest the defendant upon it, that it was void ; that the execution should only have been one on contract ; and that the defendant would get into trouble if he made the arrest ; and that he had better hold it and do nothing further under it. It further appeared upon the trial that, before the return day of the execution, the justice filed his docket with the town clerk, together with the certificate required by the Code, and removed from the county. The defendant gave evidence tending to show that, after the delivery of the execution to him, he attempted to collect the execution out of the personal property

of the judgment debtor, but that none could be found ; and that within sixty-five days from the time that the execution was delivered to him he duly made his return upon his execution and filed the same with the town clerk. The court charged the jury that if they should find from the evidence that the constable returned the execution to the town clerk's office within sixty-five days after its issuance, such a return would be a substantial compliance with the law, and, consequently, would relieve the constable and his sureties from liability. This charge was excepted to, and presents the only serious question to be considered upon this appeal.

Section 3031 of the Code provides that, " The constable must return the execution to the justice," etc.

Section 3039 provides that, " If a constable fails to return an execution within five days after the return day thereof, the party in whose favor it was issued may recover, in an action against the constable, the amount of the execution," etc.

Section 3042 provides that his sureties are liable for any neglect of duty with respect to the execution. The execution was returnable within sixty days. The constable had five days thereafter in which to make his return to the justice, and this he failed to do, but instead thereof made his return, and filed it with the execution in the office of the town clerk.

The question is thus presented as to whether the removal of the justice from the county and the surrender of his office as justice, relieves the constable from making return to him. In case the justice had absconded and had removed to parts unknown or had died, a return to the justice under section 3031 could not be made, and we can hardly believe that under such circumstances it was the intention of the legislature to hold the constable and his sureties responsible for the amount of the execution. In the case under consideration there was a·removal of the justice from one county to another. Was it the duty of the constable to follow up the justice into the county to which he had removed and then make his return to him ? By removing from the county he had abandoned his office, he had surrendered up his docket and was no longer authorized to act as a magistrate. If the constable could be required to follow him into one county he could into another, even the remotest

**154**          HAMPTON *v.* BOYLAN.

county in the State, and if into such county, why not into other States, or even foreign countries? This would impose hardships upon constables which would be unjust and inequitable, and such construction, therefore, ought not to prevail unless required by the express provisions of the Code.

Section 3144 provides that, "If a justice of the peace, either before or after the expiration of his term of office, removes from the town or city wherein he was elected, he must forthwith deposit with the clerk of that town or city his docket book and all other books and papers in his custody relating to an action or special proceeding which has been heard by him or commenced before him."

Section 3145 provides that, "A justice of the peace must make in each docket book deposited by him, as prescribed in the last section, a certificate under his hand to the effect that each judgment or order entered therein was duly rendered or made as therein stated, and that the sum appearing by the book to be due thereupon had not been paid to his knowledge." All this, as we have seen, had been done by the magistrate in this case before removing from the county.

Section 3146 provides that, "If a justice of the peace dies, *or his office becomes otherwise vacant,* the town or city clerk must demand and receive all books and papers which belonged to the justice, in his official capacity, from any person having them in his possession."

While this section does not, in express terms, state that the execution shall be returned to and filed with the town clerk, still it appears to us to be authority for such filing, Justice Roup's office having become vacant by his removal from the county. The town clerk thereby became entitled to demand and receive all books and papers which belonged to the justice in his official capacity. The execution which the justice had previously issued was required to be returned to and filed with him. The execution, therefore, belonged to the justice in his official capacity, and was one of the papers which the town clerk had the right to demand and receive from the person having the possession of it. The various provisions of the Code must be considered and construed together, so as to form one harmonious Code of practice. When we come to read sections 3031 and 3146 together there is no conflict, but a har-

monious, consistent proceeding, provided under the changed circumstances of the death or vacancy in the office of the justice.

The court also charged the jury that if they should find from the evidence, as a matter of fact, that Mr. Windsor was authorized by the plaintiff to look after the execution, and gave the directions to the officer, under the authority of the plaintiff, to hold the execution, and he did hold it, that they should find a verdict for the defendant.

This charge was not excepted to. Mr. Windsor, as we have seen, was the attorney for the plaintiff in the trial of the case before the magistrate, and procured the execution to be issued. As he testified, he was authorized by the plaintiff to look after it in the hands of the constable. We think, therefore, if he did instruct the constable not to make the arrest, that the execution was void in that particular, to hold the same, etc., the plaintiff is estopped by the acts of his duly authorized agent; and that the constable ought not to be held responsible for doing that which the plaintiff or his agent requested him to do.

The testimony of Windsor was objected to, and it is now claimed that it was in violation of section 835 of the Code, which provides that : " An attorney or counselor-at-law shall not be allowed to disclose a communication made by his client to him, or his advice given thereon in the course of his professional employment." We apprehend, however, that the communication and advice which is privileged under this provision pertains to the subject-matter, and not to the fact of his employment as an attorney. Otherwise, we should be unable to determine whether the attorney was acting in the course of his professional employment. No other questions are raised which we deem it necessary to here discuss.

The judgment and order should be affirmed.

SMITH, P. J , BARKER and BRADLEY, JJ., concurred.

Judgment and order affirmed.